UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
JUST ENTERPRISES, INC.,            )
                                   )   Case No. C07-1622RSL
            Plaintiff,             )
      v.                           )
                                   )   ORDER DENYING DEFENDANT'S
PHILLIPS & WEBSTER, PLLC,          )   MOTION TO DISMISS AND
                                   )   STAYING CASE
            Defendant.             )
_____)

        This matter comes before the Court on "Defendant's Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6)." Dkt. # 11. Plaintiff alleges that defendant has appropriated its mark, 1-800-JUSTICE, and is liable for service mark infringement, unfair competition, violations of the Washington Consumer Protection Act, misappropriation, conversion, and unjust enrichment. Defendant argues that the complaint should be dismissed because: (1) this lawsuit is duplicative of other pending actions; (2) defendant's use of 1-888-JUSTICE constitutes fair use under the Lanham Act, 15 U.S.C. § 1115(b)(4); (3) plaintiff's narrow registration does not encompass defendant's activities; (4) the failure of plaintiff's Lanham Act claims dooms the related state and common law claims; and (5) the complaint does

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND STAYING CASE

not give defendant fair notice of the claims and the grounds on which they rest.[1] In the alternative, defendant asks that the Court stay this proceeding until a similar suit pending in the Western District of Missouri is resolved.

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). Because defendant's television advertisements form, at least in part, the basis of plaintiff's claims, the DVD and those portions of the Declaration of R. Glenn Phillips which provide a foundation for the DVD will be considered.[2] In deciding this motion, the allegations of the complaint will be accepted as true and the contents of both the complaint and the DVD will be construed in the light most favorable to plaintiff. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). If the allegations of the complaint are contradicted by evidence that is properly before the Court, however, the latter controls. Wright v. Oregon Metallurgical Corp., 360 F.3d 1090, 1096 (9th Cir. 2004); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1327 at 766-67 (2d ed. 1990).

Having reviewed the admissible documents submitted by the parties and having heard the arguments of counsel, the Court finds as follows:

---

[1] At the very end of its motion, defendant "respectfully requests that the complaint be dismissed because . . . service of process was improper." Motion at 13. No facts or argument are presented in support of this claim and the Court will not consider it further.

[2] Plaintiff specifically objected to paragraphs 4, 5, 10, and 11 of the Declaration of R. Glenn Phillips. The Court finds that these paragraphs are extraneous to the complaint, do not form the basis for any of the allegations therein, and will not be considered.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND STAYING CASE        -2-

## A. DUPLICATIVE ACTIONS

Plaintiff has taken steps to protect its federally-registered service mark wherever it believes an infringement has occurred. Each of the pending actions is directed against different defendants and/or is based on different activities in different jurisdictions. Defendant offers no authority for its argument that filing separate actions against infringers, especially where the infringers reside in different forums, is improper or otherwise justifies a dismissal under Rule 12(b)(6).

## B. FAIR USE UNDER THE LANHAM ACT

Defendant maintains that its use of 1-888-JUSTICE in its television advertisements is a fair use of plaintiff's substantially similar 1-800-JUSTICE mark. The fair use doctrine is a defense to a trademark infringement claim. It is designed to protect the right of commercial competitors to use common, ordinary terms to describe their own goods and services, regardless of whether a trademark owner has chosen the term as its mark. 2 McCarthy on Trademarks and Unfair Competition § 11:45 (4th ed. 2007). It is clear that plaintiff cannot preclude competitors from using the word "justice," and plaintiff concedes as much in its response memorandum. Response at 12-13. But plaintiff argues that because its mark is 1-800-JUSTICE, a combination of numbers, symbols, and letters, and not just the word "justice," it has enforceable rights in the mark such that defendant's use of a substantially similar phone number violates the Lanham Act. At least one court has found that the addition of a telephone prefix to a generic term does not give rise to an enforceable mark. 800 Spirits Inc. v. Liquor by Wire, Inc., 14 F. Supp.2d 675, 680-81 (D.N.J. 1998) (relying on Dranoff-Perlstein Assoc. v. Sklar, 967 F.2d 852 (3d Cir. 1992)). Because defendant has not directly challenged the validity/enforceability of plaintiff's mark, the Court will assume for purposes of this motion that plaintiff's mark is valid and that the phone number defendant uses is the legal equivalent of plaintiff's mark.

The Court will also assume that 1-888-JUSTICE describes the services offered by

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND STAYING CASE       -3-

defendant and therefore satisfies the descriptive element of the fair use doctrine. See Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co., 125 F.3d 28, 30 (2nd Cir. 1997). Nevertheless, dismissal pursuant to Rule 12(b)(6) is not appropriate. The fair use defense does not apply if defendant's use of plaintiff's mark is likely to cause consumer confusion as to the origin of the goods or services offered.[3] In its complaint, plaintiff alleges that "[d]efendant's use of (888) JUSTICE and similar infringing phrases has caused actual consumer confusion and is likely to cause additional consumer confusion, mistake and deception." Complaint at ¶ 14. Defendant disputes this allegation and argues that no reasonable consumer viewing defendant's television advertisements could be confused as to the origin of the services offered.

In the context of this motion to dismiss, the Court must take the allegations of the complaint as true unless contradicted by the integral documents. This is not a case where a document considered by the Court flatly contradicts an allegation in the complaint. Rather, defendant asks that the Court interpret the DVD, find a contradiction, and disregard plaintiff's allegations. Although a court in New York was willing to utilize evidence in this way to dismiss a case (Arnold v. ABC, Inc., 2007 WL 210330 (S.D.N.Y. Jan. 29, 2007)), the Court is not inclined to weigh the limited record available at this stage to determine what a reasonable consumer would or would not understand. Because plaintiff's complaint adequately alleges consumer confusion, the motion to dismiss the Lanham Act claims is denied.

## C. NARROW REGISTRATION

Plaintiff registered its mark for "legal referral services." Defendant argues that, as a law firm, it does not offer "legal referral services" and therefore its use of a similar mark falls outside plaintiff's registration. Mark owners may gain protectable rights to use their mark for

---

[3] Consumer confusion may indicate that the 1-800-JUSTICE mark has acquired a protectable secondary meaning associated with plaintiff or its services. 2 McCarthy on Trademarks and Unfair Competition § 11:45 (4th ed. 2007).

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND STAYING CASE         -4-

services not within their original registration if (a) the services would reasonably be expected to emanate from the normal expansion of the mark owner's business and (b) no junior users have already used the mark to brand similar operations. 4 McCarthy on Trademarks and Unfair Competition § 24:20 (4th ed. 2007). There being no admissible evidence before the Court regarding the time at which the parties began using their respective phone numbers in conjunction with law firms and legal representation services,[4] defendant's registration argument must fail.

### D. STATE AND COMMON LAW CLAIMS

Most of defendant's challenges to the various state and common law claims asserted by plaintiff are linked to its Lanham Act arguments. See Motion at 10-12. Having denied defendant's motion to dismiss the Lanham Act claims under Rule 12(b)(6), the Court will also deny the related requests to dismiss plaintiff's state and common law infringement, unfair competition, misappropriation, and unjust enrichment claims.

Defendant's challenge to plaintiff's conversion claim is not, however, based on its Lanham Act arguments. Citing a Washington case, defendant asserts that plaintiff has failed to allege that it was deprived of the possession of property. See Motion at 11. Although plaintiff's response does not specifically address this claim, it is clear that copyrights, patents, and service marks are considered property for many purposes. Given the paucity of legal argument on this issue, the Court will deny the motion to dismiss in its entirety.

### E. ADEQUACY OF THE PLEADING UNDER RULE 8(a)(2)

Defendant argues that the complaint in this matter fails to satisfy the pleading standard imposed by Fed. R. Civ. P. 8(a)(2). In addition to challenging defendant's use of (888) JUSTICE, the complaint also challenges "similar infringing phrases" without identifying

---

[4] In its reply, defendant raises a priority-in-the-market argument. Arguments raised for the first time in reply deprive the opposing party of its chance to respond and will not be considered by the Court.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND STAYING CASE    -5-

them. In its opposition, plaintiff makes clear that it is not challenging defendant's slogan, "justice for you," or any other descriptive use of the word "justice." Plaintiff asserts that its reference to "similar infringing phrases" was intended to cover all possible permutations of (888) JUSTICE, such as the one that is actually used in defendant's televisions spots, 1-888-JUSTICE. With this clarification, the Court finds that plaintiffs' complaint satisfies the applicable pleading standard.

**F. STAY**

Having heard from the parties at oral argument, the Court finds that a stay of the above-captioned matter until a similar action pending in the Western District of Missouri is resolved will avoid the potential for conflicting opinions, promote judicial efficiency, and preserve the resources of the litigants, all without unduly prejudicing either party's interests. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2004). See also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

For all of the foregoing reasons, defendant's motion to dismiss is DENIED and this matter is hereby STAYED in its entirety. The Clerk of Court is directed to enter a statistical termination in this case. Such termination is entered solely for the purpose of removing this case from the Court's active calendar. The parties shall, within ten days of the Western District of Missouri's ruling on the infringement and the unfair competition claims asserted in Just Enterprise, Inc. v. (888) JUSTICE, Inc., *et al.*, Case No. 3:06CV5023-CV-SW, so notify the Court in writing under the above cause number and provide a copy of the district court's order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Dated this 7th day of February, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND STAYING CASE    -7-